Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Aaron Garcia–Delgado, a native and citizen of Mexico, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's denial of his application for cancellation of removal. We lack jurisdiction to consider the BIA's discretionary determination that Garcia–Delgado failed to demonstrate exceptional and unusual hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler,* 505 F.3d 372, 377 (5th Cir.2007); *Rueda v. Ashcroft,* 380 F.3d 831, 831 (5th Cir.2004). Although the jurisdiction-stripping provision of § 1252 does not preclude review of constitutional claims and questions of law, *see* § 1252(a)(2)(D); *Sung,* 505 F.3d at 377, Garcia–Delgado does not make any arguments in his brief raising a colorable constitutional claim or a question of law. Because we lack jurisdiction to review the final order of removal, the petition for review is dismissed. *See Rueda,* 380 F.3d at 831.

DISMISSED.

Kuffour OSEI, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.

No. 10–60228
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 2011.

Brian Keith Bates, Esq., Reina & Bates Immigration & Nationality Law, Houston, TX, for Petitioner.

James E. Grimes, Senior Litigation Counsel, Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before HIGGINBOTHAM, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM: *

Kuffour Osei, a native and citizen of Ghana, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his request for a waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act, in conjunction with his application for adjustment of status. The parties agree that the relevant issue is when Osei agreed to plead guilty

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a 1996 state charge of credit card abuse. If a plea agreement was "made" before April 24, 1996, then Osei would be eligible for relief under former § 212(c); if a plea agreement was made on a later date, then he would not be eligible for relief.

Because Osei is removable based on a prior firearm conviction, we lack jurisdiction to consider the BIA's determination that Osei is ineligible for a waiver of inadmissibility. *See* 8 U.S.C. § 1252(a)(2)(C). Although this provision does not preclude review of constitutional claims and questions of law, *see* § 1252(a)(2)(D), we find that Osei has not made any arguments in his brief raising a colorable constitutional claim or a question of law.

Accordingly, Osei's petition for review is DISMISSED.